UNITED STATES DISTRICT COURT                    <u>FOR ONLINE PUBLICATION ONLY</u>
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,

                                                              <u>MEMORANDUM</u>

    - against -                                   05-CR-0877 (JG)

GERARD HUDSON,

                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
A P P E A R A N C E S:

        NEIL B. CHECKMAN
                111 Broadway, Suite 1305
                New York, New York 10007
                Attorney for Defendant

        BENTON J. CAMPBELL
                United States Attorney
                Eastern District of New York
                160 Cadman Plaza East
                Brooklyn, New York 11201
        By:  Daniel Spector
                Assistant U.S. Attorney

JOHN GLEESON, United States District Judge:

        On January 17, 2006, Gerard Hudson pleaded guilty to possessing 47 grams of

cocaine base ("crack") with intent to distribute. When he was sentenced on March 31, 2006, his

advisory Sentencing Guidelines range was 57 to 71 months. I sentenced him to a term of

imprisonment of 57 months. In Amendment 706 to the Guidelines, which became effective on

November 1, 2007, the Sentencing Commission adjusted downward the base offense levels, and

ultimately the sentencing ranges, for many drug offenses involving crack. In Amendment 713,

which became effective on March 3, 2008, the Commission made the reduced crack sentences

retroactive by adding Amendment 706 (as amended by Amendment 711) to the list of

amendments in U.S.S.G. § 1B1.10(c). Sentenced defendants whose Guidelines ranges are

lowered by such amendments are eligible for reductions in sentence pursuant to 18 U.S.C.

§ 3582(c).

Under the amended guideline, Hudson's Guidelines range is 46 to 57 months.  He therefore sought a reduced term of imprisonment.  He understandably wanted to be released on March 3, the moment the new guideline became retroactive, and thus he sought a sentence of time served, which would have amounted to a prison term of about 22 months.

On February 29, 2008, I issued an amended judgment reducing Hudson's sentence to 46 months, concluding that I had no authority to afford him greater relief.  This memorandum sets forth the reasons for that decision.[1]

## BACKGROUND

A.      *The Sentencing Commission's Statutory Authority to Authorize Sentence Reductions And to Control the Amount of an Authorized Reduction*

The Sentencing Reform Act of 1984 (the "SRA") established the Sentencing Commission and gave it the responsibility of formulating the Guidelines that would "avoid[] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct."  28 U.S.C. § 994(b)(1)(B).  The statute requires the Commission to periodically review and revise the Guidelines, and to suggest changes that appear warranted.  28 U.S.C. § 994(o).  When an amendment to the Guidelines lowers the sentencing range for a particular offense, the Commission is expressly authorized by the SRA to decide whether and to what extent previously-sentenced offenders may benefit from the change:

> If the Commission reduces the term of imprisonment
> recommended in the guidelines applicable to a particular offense

---

[1]      I encouraged Hudson to seek expedited review of the holding that I could not sentence him to less than 46 months, but Hudson chose not to appeal.

or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. 994(u).

B. *The Sentencing Court's Power to Modify Sentences*

As a general matter, sentencing courts are not authorized to modify sentences after they are imposed. That rule is set forth in 18 U.S.C. § 3582, which also carves out the exception at issue here:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–
>
> . . .
>
>> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).[2]

The italicized language dovetails with the statutory authority discussed above. Specifically, it implements the authority conferred by 28 U.S.C. § 994(u) on the Sentencing Commission to determine when and by what amount sentenced prisoners may benefit from reduced Guidelines sentences.

---

[2] The statute also authorizes sentence reductions (a) upon a motion by the Bureau of Prisons where (i) "extraordinary and compelling reasons warrant" them or (ii) certain inmates 70 years or older have served at least 30 years and are not dangerous; and (b) pursuant to Fed. R. Crim. P. 35 (to correct clear error or to reward substantial assistance to the government).

C.       *The Revised § 1B1.10*

As mentioned above, Congress granted courts the authority to modify sentences under 18 U.S.C. § 3582(c) only if a sentence reduction is consistent with the Sentencing Commission's applicable policy statements. The relevant policy statement in this regard is U.S.S.G. § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range," which lists the amendments the Sentencing Commission has made retroactive. U.S.S.G. § 1B1.1(c). At the same time it made the reduced sentences for crack cocaine retroactive, the Commission reformulated § 1B1.10. The amended policy statement, which became effective on March 3, 2008, more fully exercises the authority conferred on the Commission by 18 U.S.C. § 994(u) to dictate when and by what amount an amendment may reduce previously-imposed sentences.

1.       *The Authority to Consider a Reduction*

Section 1B1.10(a) provides that the court's authority to reduce a defendant's term of imprisonment arises only when a retroactive amendment has the effect of lowering the defendant's guideline range:

(1)     *In General.* -- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)     *Exclusions.* -- A reduction in the defendant's term of imprisonment is not consistent with this policy statement and

therefore is not authorized under 18 U.S.C. § 3582(c)(2) if --

. . .

      (B)      an amendment listed in subsection (c) does not
                      have the effect of lowering the defendant's
                      applicable guideline range.

U.S.S.G. § 1B1.10(a).

The commentary to the section reiterates what the quoted text already makes clear: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) [of § 1B1.10] that lowers the applicable guideline range." *Id.*, cmt. n.1.

For some crack defendants, this threshold requirement is fatal to their requests for reductions. Persons treated as career offenders, for example, could have their reduced base offense levels under the amended guideline nullified by the career offender guideline's substitution of a greater offense level. *See* U.S.S.G. § 4B1.1. Because the amended crack guideline does not have the effect of lowering such a defendant's applicable Guidelines *range*, courts have no authority to modify the sentence.

    2.      *Computing the Amended Guideline Range*

Ordinarily, the sentencing court must use the version of the Guidelines Manual in effect at the time of sentencing, not the one in effect at the time of the offense. 18 U.S.C. § 3582(c)(4); U.S.S.G. § 1B1.11(a). And, as the "one book" rule prescribes, the sentencing court must apply the correct version in its entirety. *United States v. Stephenson*, 921 F.2d 438, 441 (2d Cir. 1990). However, when a court determines an amended guidelines range pursuant to an amendment designated as retroactive, the "one book" rule does not apply:

        *In General*. -- In determining whether, and to what
        extent, a reduction in the defendant's term of

imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

3.    *The Extent of the Potential Reduction*

Section 1B1.10(b)(2) explicitly limits the permissible extent of the sentence reductions it authorizes. For defendants like Hudson, who were sentenced within their applicable Guidelines range, it provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision [§1B1.10(b)(1)]." U.S.S.G. § 1B1.10(b)(2).[3]

4.    *Application of § 1B1.10 to Hudson's Sentence*

Hudson pleaded guilty to possessing with intent to distribute 47 grams of crack. This amount of crack produced a base offense level of 30. U.S.S.G. § 2D1.1(a)(3) & (c) (2005). After a two-level "safety valve" reduction and a three-level reduction for acceptance of responsibility, Hudson's total offense level was 25. Because he was in Criminal History Category I, the applicable range was 57 to 71 months. As mentioned, on March 31, 2006, I

---

[3]    If the original sentence was lower than the applicable Guidelines range, the policy statement provides for a proportional reduction in the amended sentence. § 1B1.10(b)(2)(B). In no event may the reduced term of imprisonment be less than time served. § 1B1.10(b)(2)(C).

sentenced Hudson to a 57-month term of imprisonment.  Applying the revised base offense

levels in § 2D1.1 to Hudson's case results in a new base offense level of 28.  Applying the

remaining provisions results in a final offense level of 23, and a new range of 46 to 57 months.

DISCUSSION

The government contends that while Hudson is eligible for a reduction in

sentence, § 3582(c) and § 1B1.10 prohibit any reduction that lowers Hudson's term of

imprisonment to less than 46 months.  Hudson claims that a reduction beyond the limits set forth

in the amended § 1B1.10 is authorized and appropriate under these circumstances, and his

motion sought a sentence of time served, which would equal a sentence of approximately 21

months.  I agree with the government.

Congress clearly intended to give the Commission the power to decide when

sentenced prisoners could benefit from reduced sentences and to what extent.  As discussed

above, 18 U.S.C. § 994(u) empowers the Commission to specify in what circumstances *and by*

*what amount* the sentences of prisoners serving terms of imprisonment for the offense may be

reduced."  28 U.S.C. § 994(u) (emphasis added).  Similarly, § 3582(c)(2) authorizes only those

reductions in sentence that are "consistent with applicable policy statements issued by the

Sentencing Commission," § 3582(c)(2), and the Commission has made it clear in the revised

§ 1B1.10(b)(2)(A) that a reduction below the amended Guidelines range is not warranted in this

case.  I therefore may not, consistent with the foregoing provisions, reduce Hudson's sentence to

a term below 46 months.

In support of a different result, Hudson makes three arguments.  First, he contends

that § 1B1.10 improperly "limits the sentencing count's ability to consider the § 3553(a) factors

in imposing a new sentence in violation of the court's duty under § 3582(c)" to consider those factors. Letter from Neil Checkman, Esq. to the Court dated February 13, 2008 ("Defendant's Letter"), at 2. In other words, the policy statement cannot be construed to trump § 3582(c)(2)'s directive to fully consider the § 3553(a) factors "to the extent they are applicable" to Hudson's request for relief.

By referring to the § 3582(c)(2) proceeding as a "new sentence," Hudson assumes the point of his argument, that is, that the proceeding for which he is eligible is a new sentencing. If it were, I would agree that I would be bound to consider the § 3553(a) factors and impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in § 3553(a)(2), whether or not such a sentence fell within Hudson's amended Guidelines range. § 3553(a). But the title of § 3582(c) is "*Modification* of an Imposed Term of Imprisonment" (emphasis added). The text refers to the court's power to "*reduce* the term of imprisonment" (emphasis added), not impose a new term. Federal Rule of Criminal Procedure 43 also makes this critical distinction, providing that the defendant need not even be present in court for a reduction under § 3582(c)(2). There is no support in the statutes, rules or Guidelines for the claim that the instant proceeding is a new sentencing proceeding.

As for the claim that § 1B1.10 cannot "trump" the § 3582(c)(2)'s mandate to consider the § 3553(a) factors, § 3582(c)(2) itself empowers the Sentencing Commission to limit the purposes for which those factors are considered. By specifically stating that any reduction in sentence must be consistent with the Commission's policy statements, the law expressly authorizes the Commission to constrain judges' discretion to reduce sentences. While § 3582(c)(2) requires a court to consider the same factors it must consider when imposing a

sentence, the mandatory consideration of those factors does not convert a modification of a sentence into the imposition of a new one.  Congress simply directed that the same factors used in imposing a sentence should be weighed in deciding whether to modify one.

Hudson's second argument is that § 1B1.10 violates *United States v. Booker*, 543 U.S. 220 (2005), and is therefore unconstitutional.  According to Hudson, *Booker* indicates that the Sixth Amendment is implicated whenever a judge seeks to "impose a sentence that is not based solely on facts reflected in the jury verdict or admitted by the defendant."  Defendant's Letter at 2 (quoting *Booker*).  But *Booker* merely applies the principle established in *Apprendi v. New Jersey*:  "Other than the fact of a prior conviction, any fact that *increases* the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. 466, 490 (2000) (emphasis added).  Even assuming *arguendo* that a sentence modification pursuant to § 3582(c) is conditioned on a finding of fact by the judge,  such a finding does not offend the Sixth Amendment when it results in a *decrease* in punishment.

Finally, Hudson argues that the limitation in § 1B1.10 on the extent of a sentence reduction violates the Commission's statutory obligation under 28 U.S.C. § 994(a)(2) to write policy statements that further the purposes of sentencing.  Because the Commission has acknowledged that the amendment to the guideline for crack offenses is but a small step toward rectifying the injustices the guideline causes, the Commission has violated its mandate, Hudson claims, by limiting the retroactive relief to that small extent.

I disagree.  The Sentencing Commission has been trying to blunt the unfairness of crack sentences for more than a decade.  *See Kimbrough v. United States*, 128 S.Ct. 558, 568-69

(2007) (recounting history of Commission's efforts to obtain legislative and Guidelines relief

from the 100:1 ratio for crack/powder cocaine established by the Anti-Drug Abuse Act of 1986

and incorporated into the original Guidelines).  After various unsuccessful efforts, the

amendment at issue here was finally passed by the Commission and not rejected by the

Congress.  The December 11, 2007 decision to make the amendment retroactive was

accompanied by a press release stating, *inter alia*, as follows:

> The Commission's actions today, as well as promulgation of the
> original amendment for crack cocaine offenses, are only a partial
> step in mitigating the unwarranted sentencing disparity that exists
> between Federal powder and crack cocaine defendants.  The
> Commission has continued to call on Congress to address the issue
> of the 100-to-1 statutory ratio that drives Federal cocaine
> sentencing policy.  Only Congress can provide a comprehensive
> solution to a fundamental unfairness in Federal sentencing policy.
> The Commission has consistently expressed its readiness and
> willingness to work with Congress and others in the criminal
> justice community to address this very important issue.

News Release, http://www.ussc.gov/PRESS/rel121107.htm.  Against a backdrop of

Congressional hostility to long-overdue changes to the way crack offenders have been treated,

the Commission's measured approach to this issue cannot reasonably be found to violate its

mission to promulgate policy statements that in its view further the statutory purposes of

sentencing.

CONCLUSION

For the foregoing reasons, Hudson's sentence was reduced only to the extent permitted by U.S.S.G. § 1B1.10.

John Gleeson, U.S.D.J.

Dated: September 5, 2008
        Brooklyn, New York